# Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 10- **2495**

|  |  |
|---|---|
| KATHRYN T. KIBBEE,  ) | |
| )  | |
| PLAINTIFF  ) | |
| )  | |
| v.  ) | **COMPLAINT** |
| )  | |
| MASSACHUSETTS INSTITUTE OF  ) | |
| TECHNOLOGY,  ) | |
| )  | |
| DEFENDANT  ) | |

### PARTIES

1.      Plaintiff Kathryn T. Kibbee is a Massachusetts citizen residing at 131 Robbins St.,

Milton, MA.

2.      Defendant Massachusetts Institute of Technology ("MIT") has its principal place

of business at 77 Massachusetts Ave., Cambridge, MA.

### FACTS

3.      After twelve years of employment, Plaintiff was terminated by MIT in April

2009.

4.      At the time of her termination, Plaintiff was 49 years old and a manager within

the Information Services and Technology (IS&T) group.  She held the title of "team leader."

1

5.      As team leader, Plaintiff's job responsibilities included managing all aspects of the central IT training service, day-to-day operations, marketing of services, management of staffing and budget (including revenue generation), creating matrixes and reports for senior staff, developing and delivering IT courses, representing IS&T on Institute-wide committees and representing MIT at the Boston Consortium for IT Training,

6.      From 2003-2006, Plaintiff's performance evaluations reflected that she was an exceptional employee, and for all years prior, she was rated as achieving performance standards. In her final written performance appraisal, FY2007-2008, she earned a "Highly Effective" rating, the second-highest under MIT's current ranking system.

7.      Just weeks before MIT terminated her employment, the Training Media Review, a nationally recognized authority on corporate training programs, named one of the training guides that Plaintiff co-developed as the Best Product of 2009.

8.      The Defendant authorized Wilson D'Souza, the Director of Infrastructure Software Development and Architecture/Interim Director of Client Support Services, to decide which employees would be included in a reduction in force within the groups he directed.

9.      In previous conversations with D'Souza, Plaintiff noted that the IS&T group that she worked with had a relatively older workforce compared to other MIT groups.

10.     D'Souza said he couldn't understand how staff stayed in the same position for more than a few years and that he prefers working with employees who are "newer."

11.     When D'Souza was seeking to fill an open position before the reduction in force, he told Defendant's Human Resources staff that there were prospective candidates that he was not interested in because "they weren't young enough."

12.     D'Souza held and expressed views reflecting gender-specific stereotypes. D'Souza made statements to Plaintiff to the effect that as between spouses, "men are the bread-winners."

13.     He made a similar comment to another female manager who also reported to him, prompting the colleague to tell Plaintiff that D'Souza had chauvinistic views of women in the workplace.

14.     Defendant's personnel policy 6.2.1 requires that when conducting a reduction in force, decision-makers "should carefully consider three important factors: "individual performance, the length of employee service, and the status and goals of affirmative action in the department."

<u>MIT Retains Lower Level Male Manager Who Takes Over Management of Plaintiff's Team when His Team is Split.</u>

15.     MIT retained one of Plaintiff's male colleagues to manage her team, which remained intact after the layoff.  The male colleague's team had been reduced in number via two transfers and the loss of a staff person through the reduction in force.

16.     Although Plaintiff was a "level 4" manager, and outranked this male colleague who was a "level 3" manager, the male was not laid off but instead took over managing Plaintiff's team.

17.     Defendant's Human Resources Department required D'Souza to justify his decision to not retain Plaintiff and keep the less senior male employee to manage her staff.

18.     D'Souza claimed that the man was a better strategic thinker who "possessed more suitable skills and knowledge" and "had stronger leadership skills."

19.     In reality, D'Souza was motivated to retain the male manager, in part, because it was widely known that he had a family to support, with teenage children and a wife who did not work outside the home.

20.     D'Souza was aware that Plaintiff's husband was employed.

21.     D'Souza also viewed the male manager as "moldable" and someone who would simply do as directed.

22.     In her dealings with D'Souza, Plaintiff would ask questions and challenge him in a completely professional manner, when she wanted to understand his thought process or end goal of administrative decisions.

23.     A member of MIT's human resources department commented that D'Souza valued these character traits in male managers, but did not value them in female managers.

### MIT Retains 35-Year Old Male Manager Whose Team was Disbanded and Creates New Position For Him

24.     Another of Plaintiff's male colleagues oversaw a team that was entirely disbanded.

25.     Rather than including him in the reduction in force, MIT found a new position for the 35-year-old male, and he was given a position overseeing Training Service and two other related teams, and the title of Manager of Application User Experience, although he had no experience with training, documentation, usability or accessibility.

26.     D'Souza's preference for "newer" and "younger" employees was evident in how he described the Application User Experience group as "a new evolution of the old Training, Consulting and Publications group." Plaintiff's IS&T team had been a part of the Training Consulting and Publications group.

4

27.    Plaintiff was qualified for the Manager of Application User Experience position. In fact, Plaintiff was much more qualified for the position than the 35-year-old male, but the position was never posted nor was she given the opportunity to apply for it.

28.    Both of the men referenced above had substantially less years of service at MIT than Plaintiff.

29.    Similarly, D'Souza also terminated a 50-year old male employee who had 24 years of service at MIT, but chose to save the job of another manager in his 30s who had significantly less years of service, and placed the younger male in a new position.

30.    More than half of the woman laid off from the IS&T group were from the division overseen by D'Souza. He laid-off 10% of the women within his area, and only 6% men, even though his two areas were composed of 60% men and 40% women.

31.    Although male managers/team leaders outnumbered women 2:1, a female manager – the Plaintiff – was the only manager from D'Souza's groups to be terminated.

32.    A number of MIT staff and personnel complained that Plaintiff was being treated unfairly as evidenced by the fact that her male colleagues kept their jobs.

33.    In the face of this backlash, MIT began to refer to the 35-year old manager's position as "Interim" Manager of Application User Experience Dept. to give the impression that it was not a permanent position for him. By November 2009, the word "Interim" was removed from his title, though no search had been conducted.

34.    Plaintiff timely filed a claim against Defendant at the Massachusetts Commission Against Discrimination, and withdrew her claim from that forum to pursue this action.

## COUNT ONE
### Discrimination – Title VII

35.   Plaintiff repeats and re-alleges paragraphs 1-34 as if set forth fully herein.

36.   Defendant is an "employer" under Title VII, the federal anti-discrimination law.

37.   Plaintiff's gender and/or age were motivating factors in Defendant's employment decisions, as was a reliance on gender-specific stereotypes.

38.   Defendant's actions and inactions with regard to Plaintiff on the basis of her age and gender violate Title VII of the Civil Rights Act, 42 USC §2000e et. seq.

39.   The Defendant's statutory violations have caused and continue to cause Plaintiff to suffer damages.

## COUNT TWO
### Discrimination - Mass. Gen. Laws ch. 151B

40.   Plaintiff repeats and re-alleges paragraphs 1-39 as if set forth fully herein.

41.   Defendant is an "employer" under Mass. Gen. L. ch. 151B.

42.   Plaintiff's gender and/or age were motivating factor in Defendant's employment decisions, as was reliance on gender-specific stereotypes.

43.   Defendant's actions and inactions with regard to Plaintiff on the basis of her age and gender violate Mass. Gen. Laws ch. 151B, § 4(1).

WHEREFORE, Kathryn .T. Kibbee respectfully requests that this Court:

(a)   Enter judgment in her favor on Counts I and II, including an award of damages to be determined at trial, including an award of punitive and multiple damages, costs, and attorney's fees;

(b)   Enter declaratory and injunctive relief; and

(c)   Enter such other relief as the Court deems appropriate.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

KATHRYN T. KIBBEE,

By her attorneys,

Margaret M. Pinkham BBO # 561920
Elise Busny BBO # 600320
Pinkham Busny LLP
3 Frances Street
Woburn, MA  01801
781-933-6840

Dated: June 30, 2010

7

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 10-2495

KATHRYN T. KIBBEE,

Plaintiff

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

Defendant

## ACCEPTANCE OF SERVICE

I, Allison K. Romantz, attorney for the defendant, do hereby accept service of a copy of

the summons, complaint and civil action cover sheet in the above referenced matter as of July 13,

2010, on behalf of the defendant, waiving any and all requirements of Rule 4 of the

Massachusetts Rules of Civil Procedure that process be served on the defendant directly.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

By its attorney,

Allison K. Romantz (BBO# 554909)
Massachusetts Institute of Technology
Office of the General Counsel
77 Massachusetts Avenue
Bldg 10-370
Cambridge, MA  02139
(617) 715-4024
aromantz@mit.edu

Dated:  July 13, 2010

TO PLAINTIFF'S AT    RNEY: PLEASE CIRCLE TYPE OF ACTIO    NVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........................ ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **10·2495**



**KATHRYN T. KIBBEE** ........................, Plaintiff(s)

v.

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY** ........................, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon **Margaret M. Pinkham, Esq., Pinkham Busny LLP** plaintiff's attorney, whose address is **3 Frances St., Woburn, MA 01801** ........................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at **200 Trade Center, Woburn, MA 01801** either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at **Middlesex** ........................

the ..... **30th** ..... day of ..... **June** ........................

........................ in the year of our Lord ..... **2010** ........................ .

........................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................................................................
20.......... I served a copy of the within summons, together with a copy of the complaint in this action.
upon the within-named defendant. in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...........................................................................................................................
...........................................................................................................................
...........................................................................................................................
                                            ...........................................................................

Dated: ..............................................................................................., 20..........

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(                                                              )
(        ................................................, 20.......... )
(                                                              )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX ......ss.

..................... Plff.

v.

..................... Deft.

SUMMONS
(Mass. R. Civ. P. 4)